UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> Plaintiff, <br><br> v. <br><br> **Def 1) Josue PARDO-Brambilia,** <br> **Def 2) Jorge Mario SANTOS-Lizarraga** <br><br> Defendant(s) | Magistrate Case No. <br><br> **'08 MJ 1007** <br><br> COMPLAINT FOR VIOLATION OF: <br><br> Title 8 U.S.C., Sec. 1324 (a)(1)(A)(ii) <br> Transportation of Illegal Aliens |

The undersigned complainant, being duly sworn, states:

On or about **April 1, 2008**, within the Southern District of California, defendants **Josue PARDO-Brambilia and Jorge Mario SANTOS-Lizarraga**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Samuel MOSQUEDA-Enriquez, Rafael MOSQUEDA-Enriquez, and Rolando MOSQUEDA-Enriquez** had come to, entered and remained in the United States in violation of law, did transport and move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **2nd** DAY OF **APRIL 2008.**

_____
Anthony J. Battaglia
UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

Furthermore, the complainant states that **Samuel MOSQUEDA-Enriquez, Rafael MOSQUEDA-Enriquez, and Rolando MOSQUEDA-Enriquez** are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On March 31, 2008, Senior Border Patrol Agent T. Engelhorn was conducting anti-smuggling duties in the Campo Border Patrol Station's area of operations. Agent Engelhorn was conducting area surveillance near the intersection of Church Road and Old Highway 80, in response to uniformed agents who were tracking a group of illegal aliens towards an area known as "Fox Acres." This area is located approximately twenty miles east of the Tecate, California Port of Entry and about three miles north of the United States/Mexico International Border.

At approximately 11:45 PM, Agent Engelhorn observed a blue Ford pickup truck traveling eastbound on Old Highway 80 from the area of Interstate 8. In the past seven days, agents working in this area of the border have seized at least two similar vehicles (trucks with box beds) used as alien smuggling conveyances, which is what brought the Ford to Agent Engelhorn's attention initially. At approximately 11:55 PM, Agent Engelhorn observed this same vehicle traveling westbound past his location, headed back towards I-8.

Agent Engelhorn fell in behind the Ford as it entered I-8 westbound. Agent Engelhorn contacted Border Patrol Radio Dispatch and requested a registered owner/stolen vehicle check. Senior Patrol Agent L. Rodriguez arrived in an unmarked Border Patrol vehicle to assist with the surveillance. Dispatch soon informed Agent Engelhorn that the Ford had not been listed as stolen and records listed a release of liability out of Anaheim, California.

Supervisory Border Patrol Agent M. Hansen, operating a marked Border Patrol pursuit sedan, responded to assist, awaiting the Ford from the shoulder of I-8, west of the La Posta Bridge. Field Operations Supervisor C. Allen and Senior Patrol Agent J. Petras, both operating marked Border Patrol vehicles were in the area and set up to assist at the Kitchen Creek Road interchange.

Agent Hansen was only able to observe that the driver was wearing a red shirt or jacket and fell in behind the Ford. As the Ford neared Kitchen Creek Road, Agent Hansen activated his sedan's fully functional emergency lights and audible police siren. The Ford then sped up, failing to yield, soon exiting at Kitchen Creek Road. Agent Allen, who was positioned on the westbound I-8 off ramp to Kitchen Creek Road, deployed a controlled tire deflation device (CTDD) in the path of the fleeing Ford. The CTDD impacted all six of the Ford's tires and they began to deflate. The driver turned the Ford south onto Kitchen Creek Road, but the steerage and forward momentum of the Ford had been effected by the flattened tires and the Ford rolled to a stop on the shoulder. Agents Hansen and Petras approached the Ford afoot, identified themselves as U.S. Border Patrol Agents and questioned the driver, later identified as defendant Josue PARDO-Brambilia as to his citizenship and immigration status. The defendant admitted that he was a citizen and national of Mexico illegally present in the United States.

CONTINUATION OF COMPLAINT:
Def 1) Josue PARDO-Brambilia
Def 2) Jorge Mario SANTOS-Lizarraga

The passenger later identified as defendant #2 Jorge Mario SANTOS-Lizarraga, also admitted to Agent Petras that he was a citizen and national of Mexico illegally present in the United States. Agent Engelhorn opened one of the side doors and observed many individuals concealed within. The passengers were unloaded, questioned as to their citizenship and immigration status. In all, eighteen subjects were removed form the box bed of the Ford. All eighteen admitted to being citizens and nationals of Mexico, illegally present in the United States. Agents placed all twenty individuals including both defendants under arrest and arranged for them to be transported to the El Cajon Border Patrol Station for processing.

## DEFENDANT STATEMENT: Josue PARDO-Brambilia

The defendant was advised of his Miranda rights. The defendant stated that he understood his rights and was willing to answer questions without an attorney present. The defendant admitted that he is a citizen and national of Mexico illegally present in the United States.

PARDO stated that he agreed to drive the aliens in lieu of paying his smuggling fee. PARDO said he taken to Viejas Casino where he met with a woman. The truck he was to drive was already in the parking lot. The woman instructed him to follow her car out to the place to pick up the aliens

## DEFENDANT STATEMENT: Jorge SANTOS-Lizarraga

The defendant was advised of his Miranda rights. The defendant stated that he understood his rights and was willing to answer questions without an attorney present. The defendant admitted that he is a citizen and national of Mexico illegally present in the United States.

SANTOS initially stated that he was to pay about $2000.00 (USD) to be smuggled to Los Angeles, California. After Agents asked him why his clothes were not dirty like the others from the group, he said stated he was helping to smuggle the group aliens. SANTOS stated he was going to paid $400.00.

## MATERIAL WITNESSES STATEMENTS:

Material witnesses **Samuel MOSQUEDA-Enriquez, Rafael MOSQUEDA-Enriquez, and Rolando MOSQUEDA-Enriquez** agree in summary that they are citizens and nationals of Mexico illegally present in the United States. They admit to entering the United States illegally. The material witnesses stated that they were to pay approximately $2,000.00 (US) to be smuggled into the United States.